JUSTICE RICE,
concurring in part and dissenting in part.
¶37 I concur in the Court’s decision to grant relief to Morse and to remand this matter for a new trial. I strongly disagree with the Court’s approach in reaching this determination and the legal analysis undergirding it. The Court admittedly negates the 30-day requirement imposed by the Legislature upon motions for new trial, and justifies this decision by asserting that the Legislature has essentially repealed it. I dissent from this conclusion, which I believe blatantly breaches our judicial duty under the Constitution.
¶38 In State v. Barrack, 267 Mont. 154, 882 P.2d 1028 (1994), the defendant filed an untimely motion for new trial, which the District Court erroneously treated as a petition for postconviction relief. Barrack, 267 Mont. at 160-61, 882 P.2d at 1031. Barrack was thereby placed into a quandary, having to choose between pursuing his request for a new trial and abandoning his right to appeal, or abandoning his new trial request in favor of pursuing an appeal. Under those circumstances, we concluded it was the best course to entertain Barrack’s untimely new trial motion on its merits. Barrack, 267 Mont. at 161-62, 882 P.2d at 1032. We were careful to emphasize that our decision was based upon the unusual circumstances that resulted in Barrack’s forfeiture of a remedy, and that nothing in our decision was to be read as “diminishing a defendant’s obligation to timely file a motion for a new trial and a petition for post-conviction relief or appeal in accordance with the applicable statutes.” Barrack, 267 Mont. at 162, 882 P.2d at 1032. Here, Morse was placed in a similar quandary. His motion for new tried was untimely due to the timing of the victim’s recantation. At that point, he could either abandon his right to appeal, including the trial issues he sought to raise on appeal, in order to seek postconviction relief regarding the recantation, or he could forego that relief in order to pursue his appeal issues. Thus, I would conclude that Morse faced an unavoidable forfeiture of remedy as in Barrack, reach the merits of his motion despite its untimeliness, and grant a new trial, again emphasizing that this does not alter the generally governing obligations “to timely file a motion for a new trial and a petition for *263 post-conviction relief or appeal in accordance with the applicable statutes.” Barrack, 267 Mont. at 162, 882 P.2d at 1032. Such an approach would preserve the Legislature’s 30-day time frame for motions for new trial alongside our precedent that provides relief in the extraordinary circumstances where forfeiture of a remedy is unavoidable.
¶39 Instead, the Court engages in a lengthy analysis that concludes the Legislature has disavowed altogether the 30-day time limit for new trial motions under § 46-16-702(2), MCA, and that the limit no longer remains in effect, despite the fact that it remains in the Code. The Court holds that a court is broadly authorized to grant a new trial even if requested by “an untimely defense motion.” Opinion, ¶ 25. Obviously, if an untimely defense motion can be considered in the same way as a timely defense motion, then the 30-day time limit is rendered null and void. The Court’s reasoning for this conclusion is that “[situations too innumerable to account for in statutory language may arise in the context of people’s lives and a criminal trial which would warrant consideration of a new trial.” Opinion, ¶ 26. This statement may well be true, but it is merely a policy argument that the Legislature could consider as reason for repealing the statute, not a legal basis for a court to negate it. I cannot countenance this abolishment of a legislative enactment.
¶40 The Court reasons that our decision in Brummer and the Legislature’s revision to subsection (1) has somehow altered the statute. The Court states that “we can only assume that the Montana Legislature accepted the equitable principles we enunciated in Brummer.” Opinion, ¶ 24. However, the Legislature did no such thing.
¶41 The 30-day provision of subsection (2) was not at issue in Brummer. The issue there was whether a district court had the authority under subsection (1) to order a new trial sua sponte. It was in this regard that we cited equitable principles affording “some means to remedy a palpable miscarriage of justice” before concluding a court had the power to order a trial sua sponte under subsection (1). Brummer, ¶ 38 (quotations omitted). Nor did we hold that a court could order a new trial “through an untimely defense motion,” as the Court holds. Opinion, ¶ 25. That would have rendered subsection (2) superfluous. The trial court in Brummer had ordered a new trial sua sponte, and we simply held, over the State’s objection, that a court was authorized to do so without a motion pursuant to subsection (1). Our holding did not alter the statutory requirements for motions for new trial filed by a defendant, which are expressly governed by subsection (2), including the 30-day requirement. We explained this point *264 explicitly in Brummer:
Under this construction, all subsections of § 46-16-702, MCA, are given effect: so far as the defendant is concerned, he may move for a new trial, and if he so moves, his motion must he in writing and filed within 30 days of the verdict or finding of guilty, however, the right of the defendant to move for a new trial does not affect the court’s inherent power to order a new trial sua sponte when required in the interest of justice.
Brummer, ¶ 46 (emphasis added).
¶42 The Legislature then expressly stated its intention to codify Brummer by amending the statute to clarify that trial courts “could order a new trial sua sponte.” 1999 Mont. Laws 301. It thus amended subsection (1) to clarify this singular point, and that provision now explains that a court can act on its own as well as pursuant to a motion by the defendant. However, the Legislature expressed no intention and took no action to revise subsection (2), which remained applicable to new trial motions initiated by a defendant. There was no need to do so — Brummer had explicitly explained that the 30-day provision of subsection (2) remained applicable to new trial motions filed by a defendant. There was no ambiguity on that point and the Legislature did not address it. Clearly, the Legislature did not, as the Court posits, “accept[] the equitable principles we enunciated in Brummer” in a manner that eliminated the 30-day requirement. Opinion, ¶ 24.
¶43 The Court repeatedly cites Marker for its equitable pronouncements and its holding that the District Court was not bound by a 30-day deadline. Opinion, ¶¶ 23,25,26. However, the Court offers misleading partial quotes from Marker and fails to explain that Marker dealt with a sua sponte granting of a new trial by the District Court. Marker, ¶ 7. The State’s argument in Marker was that the 30-day deadline applied to the District Court’s sua sponte action. Marker, ¶ 9. We disagreed and held, as stated in full quote:
We reject the State’s argument that the District Court is bound by the notice and time requirements contained in § 46-16-702(2), MCA. Subsection (2) requires that when a defendant files a motion for a new trial, the motion must be filed within 30 days following the verdict or finding of guilt. It has no bearing on how or when a court, sua sponte, may grant a new trial under subsection (1). We have held that the subsection (2) requirement that a defendant file a motion when seeking a new trial does not affect the court’s inherent power to order a new trial sua sponte when required in the interests of justice. State v. Brummer, 1998 MT 11, ¶ 46, 287 Mont. 168, ¶ 46, 953 P.2d 250, ¶ 46. We now hold that the *265 subsection (2) time and notice requirements pertaining to the filing of motions do not apply to a district court acting sua sponte under subsection (1).
Marker, ¶ 11 (emphasis in original). As did Brummer, Marker likewise reaffirmed the 30-day requirement for motions filed by a defendant, while holding that the requirement did not apply to new trials when ordered sua sponte by the court. Yet, the Court cherry picks language from Marker to give the false impression we held that courts could always act without regard to the time limitation in order “to remedy a palpable miscarriage of justice.” Marker, ¶ 13 (citations omitted). Inmy view, this is an incomplete, inaccurate, and misleading citation to Marker. The very precedent that the Court offers in Opinion, ¶ 25 as support for its decision — Brummer and Marker — both stand for the precisely opposite proposition: that the 30-day provision unquestionably applies to new trial motions filed by a defendant, which is the situation here.
¶44 The Court invokes § 1-2-101, MCA, for the principle that we are not to insert what has been omitted or omit what has been inserted. Opinion, ¶ 26. However, the Court is doing just that — it is omitting the 30-day provision by concluding that it has no effect. About subsection (1) of § 46-16-702, MCA, the Court offers that the Legislature “did not place any limitations on the court’s authority to grant a new trial whenever required by the interests of justice.” Opinion, ¶ 24. The fact that subsection (1) contains no provision that expressly prohibits a defendant from raising the issue is not surprising, seeing that this subsection addresses the authority of the court to act sua sponte. But, in any event, that does not somehow permit this Court to ignore and fail to enforce the expressly applicable provisions of subsection (2), which unmistakably governs Morse’s motion for a new trial. Whatever canon of statutory construction the Court would choose to apply to this statute rebels against the Court’s decision: the plain language requires filing of motions for new trial within 30 days; subsection (2) is specifically applicable over any general language in subsection (1); the subsections must be read together and reconciled to give effect to all; the intention of the Legislature is to be pursued. Any and all of these result in the 30-day requirement being applied to Morse’s motion.
¶45 The purpose of subsection (1), as we have explained and the Legislature has confirmed, is to authorize a trial court to act sua sponte to order a new trial. That is for good reason — a court, having viewed the proceeding, may be convinced that the defendant received an unfair trial, and that the interests of justice require a new trial, such as in Brummer and Marker. Subsection (1) authorizes the court to act in *266 that event. However, when a defendant files a motion, subsection (2) imposes time limits and other requirements governing that motion. There is no “tension” between provisions here. Opinion, ¶ 28. The only tension is in the Court’s will to enforce them as enacted.[1]
¶46 I concur in the result reached here, but strongly dissent from the Court’s manner of granting relief, which I believe to be an abolishment of a statutory requirement that is a clear violation of the constitutional separation of powers.

 We should let our history guide us here. In Gollehon, we criticized ourselves for “start[ing] down this shaky staircase” of ignoring the 30-day requirement. Gollehon, 274 Mont. at 119, 906 P.2d at 699. We are now heading down this same path again, only this time we are brazenly tossing the statutory requirement altogether.